THE STATE OF NEBRASKA, EX. REL. SAMUEL OSBORNE, JR., v. WILLIAM B. THORNE, TREASURER OF ADAMS COUNTY.

1. **Mandamus to compel payment of bonds to aid works of internal improvement.** In the application for a mandamus to compel the payment of bonds issued to aid in the construction of works of internal improvement, it is not sufficient to show merely that they were issued "for works of internal improvement;" but there should be such particular description of the works as to enable the court to see, by an inspection of the petition alone, that they were really of that character.

2. **Precinct bonds: PAYMENT.** The money with which to pay precinct bonds is raised and disbursed with the same formality, and through precisely the same agencies, as are ordinary county funds; and the county treasurer is authorized to make payment of such bonds only on warrants issued by the county commissioners.

ORIGINAL application for mandamus.

*Bowen & Tanner*, for relator, contended that the respondent, having money in his possession, derived from a special levy, for the specific purpose of paying the interest on the bonds in question, that the act of payment is a naked ministerial duty, clearly incumbent upon respondent, the performance of which will be compelled by mandamus. High on Ex. Remedies, secs. 80, 81, 86, 87, 88, 89, 90, 104, 106, 112, and cases cited. Ib., 324 and 326, and cases cited, and 333, 357, 365, and 367. Moses on Mandamus, 140, 141, 142. *People v. Solomon*, Am. Law Reg., 237. *Savage v. Holmes*, 15 La. An., 334. *State v. Mount*, 21 La. An., 352. 12 Peters, 524. 34 Pa. State, 293. 26 Ga., 665. 7 Ia., 186, 390. *Brown v. Crayo*, 32 Ia., 498. 13 Wis., 257.

*J. M. Ragan*, for respondent.

1. It must appear that the law affords no other remedy. High Ex. Lex. Rem., 13. 12 Barb., 27. 2 Binn., 360. 25 Barb., 73. 17 Ala., 527. Mandamus is the *dernier ressort.* 25 Ill., 335.

2. The relator's remedy is by suit upon the bond of respondent, as treasurer. Laws 1879, p. 343, secs. 169 to 175 inclusive. Gen. Stat., 640. 22 Ohio Stat., 534. 4 Kan., 252. 8 Kan., 458. Kan. Stat., Ann't'd Ed., 233-238.

3. The relator's petition is insufficient. It states conclusions, and should state facts. Code, sec. 92. It does not allege facts which show that the law was complied with in issuing the bonds. Gen. Stat., 448. *Kemerer v. The State,* 7 Neb., 130.

LAKE, J.

This is an original application to this court for a peremptory writ of mandamus to compel the defendant, as treasurer of Adams county, to pay from the funds in his hands, collected for that purpose, the interest alleged to be due on certain precinct bonds, issued by the commissioners of said county, and now held by the relator.

There is a technical defect in the petition which of itself might be fatal to this application. It is not alleged in terms, nor is it a necessary inference from other facts stated, that the bonds in question were intended "to aid" a work or "works of internal improvement," the only object for which such bonds could have been legally voted and issued. The allegation of the petition is merely that they were issued "for works of internal improvement in said precinct;" but whether to be devoted to the purchase on behalf of the precinct of works of this character already built, for which there was no authority, or to aid in

the construction of those undertaken and prosecuted by others, for which there was authority, the petition fails entirely to inform us. And in this connection it might well be asked, of what did those things consist which the relator has seen fit to style "works of internal improvement?" Were they railroads, turnpikes, canals, or some other of the numerous enterprises to which this term would apply? or might they not have been objects of private concern purely, and which the court would be bound to declare entirely foreign to it, and to aid which no valid precinct indebtedness could have been voted? This is an important inquiry, and one that vitally concerns the relator in making out a case for the desired relief, but to which the petition furnishes no sort of answer.

It is not sufficient, in a petition for the kind of judgment here sought, and which can be given, if at all, only by the plaintiff showing himself very clearly entitled to it, to allege in this general way that the works were "of internal improvement," but there should be such particular description of the works as to enable the court to see by an inspection of the petition alone that they were really of that character.

But, in addition to this, which may be regarded as a defect merely in the statement of existing facts and curable by amendment, there is another objection which seems to go to the very foundation of the relator's right for any relief whatever as against this defendant.

Admitting to the fullest extent the justness of the relator's claim to the money in question, and his right to have it applied in satisfaction of his demand, still there was an important step to be taken, and which he failed to take, before he could legally call upon the treasurer for payment.

When these bonds were issued there was no special provision of statute governing alone the creation and

payment of this sort of indebtedness, but the whole business was assimilated to that respecting county indebtedness for a similar purpose, and, like it, was put in charge of the county commissioners of the proper county, who were not only required to issue the bonds when voted, but also to cause to be annually levied, collected, and paid to the holders of such bonds, a special tax on all the taxable property within the precinct, sufficient to pay the annual interest as it falls due, and finally the bonds themselves at their maturity.　Secs. 5, 7, chap. 35, Gen. Statutes, 448.

As to the several duties of the county commissioners respecting them, the law makes no distinction whatever between precinct and county bonds.　They must issue both, and when issued it is their duty to keep a record of the kinds and amounts, as well as the times and places of payment, and make provisions therefor, as the statute directs.　In the case of precinct bonds the means of payment must be raised by a tax levied by the commissioners "upon the property within the bounds of such precinct," which must be collected in the same manner as is the ordinary county revenue, and through the agency of the county treasurer, whose only duty in connection with the fund arising therefrom, when collected, is to hold it subject to the order of the county commissioners directing its application to the object for which it was intended.

As before stated, the management of this sort of precinct indebtedness is made to conform to that of counties of like character.　The sole distinction is that it concerns a distinct portion only instead of the whole body of the county.　The money with which to meet the obligations of a precinct is raised and paid out with the same formality, and through precisely the same agencies, as are the ordinary county funds, and, except where there is some special provision of statute

authorizing it, payment therefrom can be legally made only on "warrants issued by the county commissioners according to law." Sec. 53, chap. 13, Gen. Stat. 241.* Therefore, to have justified the defendant in making the payment demanded, the relator should first have obtained from the county commissioners the proper order for him to do so. But having neglected this step, the relator was not in a situation to make a legal demand for the money, and the defendant was right in withholding it.

WRIT DENIED.